WESTERN DIST.
Oct. 1838.

BROWN
*vs.*
TRENT.

═══════════

## BROWN *vs.* TRENT.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE THEREOF PRESIDING.

If a defendant only left the state temporarily, he does not thereby lose his domicil; and if permanently, the house in which he last resided is the one where service of citation, and other process, may be made.

In the silence of the code, as to the manner of serving notice of judgment, it is the most reasonable to adopt the practice which would be required in the service of original process.

Notice of judgment must be served in the same manner as in serving petitions and citations in the first instance.

This is an action on a bail bond. The defendant became the surety or bail for one F. Foy, for the payment of the sum of three hundred and forty-one dollars, and the costs of suit, or such judgment as might be rendered. At the May term, 1836, of the Parish Court for the parish of Ouachita, judgment was rendered against Foy, for two hundred and seventy dollars and fifty cents, and notice thereof was served on Foy,

by leaving it with a free white person above the age of fourteen, say Robert Klady, at his usual place of domicil, about twenty-eight miles from the court house in Monroe.

Upon this judgment, both a *fi. fa.* and *ca. sa.* issued, and were returned, " no property, and the defendant not found."

The plaintiff then gave the usual notice, and moved for judgment against the present defendant on his bail bond. The parish judge gave judgment against the bail or surety, but with a stay of execution until the appeal from the original judgment of Brown against Foy, then pending, should be decided, and said judgment become definitive.

From this judgment the plaintiff appealed to the District Court.

The defendant denied that he was liable, or could be made so, until the original judgment of the Parish Court, which is now pending on appeal, be made definitive against Foy, the principal debtor. 2. That service of notice of said judgment on Foy was defective, and not made in pursuance of law, and consequently, both executions issued wrongfully. 3. The condition of the bond was satisfied by the appearance of Foy in the Parish Court, at the term when said judgment was rendered.

Upon the trial, the evidence showed, and it was admitted, that when the notice of judgment was served, Foy had left Louisiana for Texas, with his family, the spring preceding, and has not resided in the state since ; that the plaintiff, by his affidavit, holding Foy to bail, showed his knowledge of his intention to leave the state, and it was admitted an appeal not suspensive had been taken, and was pending in the original suit.

The district judge reversed the judgment of the Parish Court, and gave judgment for the defendant. The plaintiff appealed.

*M'Guire*, for the plaintiff, insisted that the judgment should be reversed, and one for the plaintiff rendered. The judgment of the Parish Court is correct, if divested of its conditional character. It should have been absolute.

2. The district judge erred in requiring proof of the service of notice of judgment on Foy, before proceeding against his bail. This matter is not put at issue by the pleadings.

3. The party has made no legal defence against his bond, and has no good ground for contesting its payment. See case of Gale *vs.* Quick's bail, 2 *Louisiana Reports,* 348.

*Garrett,* for defendant, opposed a recovery because no legal service of notice of judgment was made on Foy before proceeding to issue execution. Notice was left with a person at his former residence, or usual domicil, when the evidence showed that Foy had long before removed to Texas.

2. Legal service can only be made personally, or at the domicil. The article 429 of the Code of Practice points out another mode of serving notices on a party who has no advocate on record, and who does not reside in the place where the court is held. The service is made by delivering the notice to the clerk, to be by him stuck up in his office. None of these modes were pursued. *Code of Practice,* 187–8–9, 429 ; 2 *Louisiana Reports,* 171 ; 4 *ibid.* 258–9.

*Bullard, J.,* delivered the opinion of the court.

The principal question presented in this case is, whether the notice of judgment was regularly served upon Foy, for whom the defendant was bail ; for if it was, then the *fieri facias* did not issue improvidently, and on a return of *nulla bona,* the judgment creditor was entitled to his *ca. sa.*

It appears that Foy had his domicil in the parish, at the time the suit was brought, but that he went away less than a year before judgment was rendered, and that the notice of judgment was served on F. Foy, by leaving it with a free white person above the age of fourteen, (say Robert Klady,) at his usual place of domicil, about twenty-eight miles from the court house in Monroe. It appears to us this would be a sufficient return of service upon a citation. But the code does not appear to have provided for the manner in which notices of judgment shall be served.

It is contended by the appellee, that the notification of

judgment must be made in the manner pointed out by article 429 of the Code of Practice, whenever the adverse party does not reside at the place where the court is held, before which the cause is pending, and who has no advocate of record, to wit : by handing to the clerk of the court, a copy to be by him stuck up in his office. This mode of giving notice applies more particularly to interrogatories, to be propounded to witnesses whose depositions are to be taken, but is to govern in all cases where written notice is required, pending the cause when the party to be notified has no advocate of record, and does not reside at the place where the court is held.

Foy was sued as a citizen of the parish of Ouachita, where he had his domicil. At the time notice of judgment was served, he had removed either temporarily or permanently from the state. If the absence was temporary, he certainly has not lost his domicil, and if permanently, the house in which he last lived, is the one where service may be made. 6 *Martin*, *N. S.*, 467.

In the silence of the code, as to the manner of service of notice of judgment, we think it most reasonable to adopt that which would be required in the service of original process. We understand the uniform practice in the courts of the first instance, has been to give notice in that manner, and we see no good reason in this case for unsettling that practice. We conclude that the court erred in giving judgment of non-suit, but the record does not enable us to pronounce finally upon the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the non-suit set aside, and that the case be remanded for further proceedings, according to law.

---

*WESTERN DIST.*
*Oct.* 1838.

BROWN
*vs.*
TRENT.

If a defendant has only left the state temporarily, he does not thereby lose his domicil ; and if permanently, the house in which he last resided is the one where service of citation and other process may be made.

In the silence of the code as to the manner of serving notice of judgment, it is the most reasonable to adopt the practice, which would be required in the service of original process.

Notice of judgment must be served in the same manner as in serving petitions and citations in the first instance.