## No. 4075.

### ALVA M. HOLBROOK *v.* JENNIE BRONSON, his wife.

Where citation is served personally on a married woman authorized to defend the suit, she is regularly in court, and on its being shown that she has a domicile in the parish, a notice to which she is entitled can be served on her personally, or at her said domicile, unless there is some special provision of law requiring another mode of giving the notice.

It can not be contended on her behalf that, inasmuch as, when the judgment was rendered and notice thereof served at her domicile, she was absent, or had gone out of the parish, it was necessary to appoint an attorney upon whom service of the notice of judgment should have been made.

Article 141 R. C. C. is to be construed as applying to the defendant who is absent, or incapable of acting, at the institution of the suit, and can not be cited in the usual way, but not to one who is legally and regularly a party to a suit and who voluntarily declines making a defense or temporarily leaves the place of the jurisdiction after being cited. The jurisdiction of the court can not thus be defeated.

The appointment of persons to represent parties to a suit should be made with caution and in cases clearly designated.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *Semmes & Mott,* for plaintiff and appellee. *J. B. Howard,* for defendant and appellant.

Justices concurring: Howell, Wyly, Kennard.

HOWELL, J. A motion is made to dismiss this appeal on the ground, among others, that when it was taken, the delay within which appeals are by law allowable in this class of cases, had expired.

The suit was instituted for a divorce. The defendant, upon the prayer of the plaintiff, was authorized to defend it, and a domicile (her usual residence No. 208 Constance street) was assigned to her during the pendency of the proceedings; personal service of the petition and citation was made on her; after the legal delays, no answer being filed, default was taken and duly confirmed in favor of plaintiff; notice of final judgment was served on defendant on twenty-ninth January, 1872, by leaving the same (in the language of the return) at her domicile, No. 208 Constance street, in the hands of Mary McKennery, a person over fourteen years of age, and living and residing at said domicile, whose name and the other facts connected with this service, I learned by interrogating said Mary McKennery, the aforesaid Jennie

Bronson being absent from home at the time of said service." The petition of appeal was filed on twenty-second June, and the order of appeal granted on second July, 1872, after hearing the parties, about five months after the said notice.

By article 573 C. P. as amended, an appeal from a judgment of divorce must be asked for within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, and shall operate as a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter. Acts 1871, p. 151.

The right to the appeal in this case depends on the sufficiency of the above notice of judgment, to which the defendant was entitled. C. P. 575, 620.

Having been personally cited and authorized to defend the suit, she was regularly in court, and having, as is shown, a domicile in the parish, any notice to which she was entitled could be made on her personally or at her said domicile (see 12 La. 600, C. P. 187, 192), unless there is some special provision of law which requires another mode of giving the notice.

It is contended in her behalf that inasmuch as it appears that, when the judgment was rendered and notice thereof served at her domicile she was absent or had gone out of the parish, it was necessary to appoint an attorney, upon whom notice of the judgment should have been made, and article 141 R. C. C. is invoked as authority. This article is in the chapter which treats "of the proceedings of separation from bed and board, and reads: "When the defendant is absent or incapable of acting from any cause, an attorney shall be appointed to represent him, against whom, contradictorily, the suit shall be prosecuted."

This, we construe, as applying to the defendant, who is absent or incapable of acting, at the institution of the suit, and can not be cited in the usual way; but not to one who is legally and regularly a party to a suit, and who voluntarily declines making a defense or temporarily leaves the place of the jurisdiction after being cited. The jurisdiction of the court can not thus be defeated.

If the defendant had been the husband, with a permanent residence in the parish, but absent temporarily on business or pleasure in an adjoining parish or State, we apprehend that notice at his domicile, in the usual manner, would be considered sufficient. We must give the same effect to the proceeding where the wife is the defendant under like circumstances.

The appointment of persons to represent parties to a suit should be made with caution, and in cases clearly designated. Parties to lawsuits are presumed to conduct or defend them according to their own opinion of their interests. And while we readily concede that all the

Holbrook v. Jennie Bronson, his wife.

legal formalities should be strictly observed in divorce suits, we are not authorized in requiring parties to do more for themselves than they choose to do, or in doing more for them than they desire to have done. We can not consider the defendant in this case as an absentee within article 141 R. C. C.

It is therefore ordered that the appeal herein be dismissed with costs. Rehearing refused.