# Hook, Appellant, *v.* Mutual Insurance Co. of Berks Co.

*Insurance—Additional insurance—Waiver—Estoppel—Evidence.*

Where a policy of fire insurance provided that the contract should be rendered void if additional insurance was placed upon the property without the consent of the company, evidence that the treasurer of the company, who was also a director, had knowledge of the additional insurance, and that thereafter the company accepted payment of an assessment from the insured, is insufficient to charge the company with a waiver of the forfeiture, or with an estoppel, where it does not appear that the treasurer was a general agent of the company, or was authorized to receive notice of additional insurance or waive compliance with the provisions of the policy in relation thereto, or that he even undertook to do either.

Argued Feb. 26, 1894. Appeal, No. 361, Jan. T., 1894, by plaintiff, Michael W. Hook, from judgment of C. P. Berks Co., Dec. T., 1889, No. 57, on verdict for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Affirmed.

Assumpsit on fire insurance policy. Before ENDLICH, J.
The facts appear by the opinion of the Supreme Court.
Binding instructions were given for defendant.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*Isaac Hiester*, *Benjamin F. Dettra* with him, for appellant, cited: Hill v. Trust Co., 108 Pa. 1; Maynes v. Atwater, 88 Pa. 496; McGrann v. R. R., 111 Pa. 171; Ins. Co. v. Slock-bower, 26 Pa. 199; Buckley v. Garrett, 47 Pa. 204; Ins. Co. v. Robinson, 56 Pa. 256; Ins. Co. v. Leathers, 20 W. N. 107; Ins. Co. v. Todd, 83 Pa. 272; Gould v. Ins. Co., 134 Pa. 571; McFarland v. Ins. Co., 134 Pa. 601; May on Insurance, § 372; Carroll v. Ins. Co., 10 Abbott (N. S.), 166; Ins. Co. v. Raddin, 120 U. S. 183.

*Cyrus G. Derr*, *Augustus S. Sassaman* with him, for appellee, cited: Mitchell v. Ins. Co., 51 Pa. 402; Ins. Co. v. Stauffer, 33 Pa. 397; Bard v. Ins. Co., 153 Pa. 257; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Ins. Co. v. Todd, 83 Pa. 272; Hoxie v. Ins. Co., 32 Conn. 21; Shaw v. Spencer, 100 Mass. 382; Ins. Co. v. Slockbower, 26 Pa. 199; Buckley v. Garrett, 47 Pa. 204; Ins. Co. v. Robinson, 56 Pa. 256.; Insurance Co. v. Leathers, 20 W. N. 107.

PER CURIAM, March 12, 1894:

The fire insurance policy on which this suit is based contains this clause: " Any member insuring in other companies covered in part by this company, his or her policy shall be considered sunk; provided the same is not approved by this company and indorsed on his, her or their policy, in which case this company shall be liable only to the payment of a ratable proportion of any loss or damage which may be sustained." Dur-

ing the life of the policy in suit, plaintiff procured additional insurance on same property in another company; but it does not appear that any indorsement of approval thereof was made by the defendant company on its policy.    The absence of such approval and indorsement thereof as are required by the clause above quoted was interposed as a bar to plaintiff's recovery. The only answer that could be successfully made to this defence was that the company defendant had waived compliance with the requirements of said clause, or that it had so acted, in relation to the subject-matter thereof, as to estop itself from defending on the ground of non-compliance therewith.    Testimony was introduced by plaintiff tending to show that Jacob Herbine, the treasurer of defendant, and also one of its directors, had knowledge of said additional insurance prior to February 9, 1883, but it did not appear that he was a general agent of the company, or was authorized to receive notice of additional insurance or waive compliance with the provisions of the policy in relation thereto, or that he even undertook to do either.    There was also testimony tending to show that plaintiff subsequently paid to George W. Brenneman, a collector of the company, an assessment due under the terms of his policy, etc.

Without further reference to the testimony relied on by the plaintiff, it is sufficient to say that it was not such as the court would have been warranted in submitting to the jury on the question of either estoppel or waiver; and hence there was no error in directing a verdict for defendant.    Viewing the evidence in its most favorable light, there is nothing in it that would have justified a verdict in favor of plaintiff.    In principle, the case is similar to Bard v. Insurance Co., 153 Pa. 257, and other cases that might be cited.

Judgment affirmed.