John H. Stauffer *v.* Penn Mutual Fire Ins. Assn. of Lancaster Co., Appellant.

*Fire insurance—Additional insurance—Waiver—Estoppel.*

·A policy of fire insurance provided that the company should not be liable if there was other insurance without its written consent; that permission to obtain additional insurance must be " allowed and approved at a regular meeting of the board of directors, and that a compliance with the terms of the policy shall not be considered waived unless the waiver is in writing and signed by the president or secretary."    Plaintiff told the secretary of the company that he intended to take out additional insurance, and was told that it was " all right," and that he should meet the board of directors and have it fixed.    He was subsequently notified to meet the directors.    When he reached the office of the company the meeting of the board had adjourned, and only three of the six directors were present, but of this he had no knowledge.    One of the directors handed the policy to the president who said that he knew all about it, and directed the director to

write the necessary consent on the policy. This was done but the president did not sign it and there was no formal action by the directors. *Held*, that the company was estopped from denying its approval of the additional insurance.

In the above case the question was not whether a director could waive a condition of the policy, but whether what was said and done by the company's officers was equivalent to the declaration by it that all the conditions had been actually complied with, and estopped it from asserting the contrary, and whether if there was a waiver of the conditions it was expressed in writing and signed as the policy required.

Argued May 14, 1894. Appeal, No. 131, July T., 1893, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1890, No. 71, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on insurance policy. Before LIVINGSTON, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

"If you find from the whole evidence (which is somewhat contradictory upon these points) that Mr. Stauffer, the plaintiff, as he swears he did, told Mr. Zortman, a director of the company, defendant, after the policy issued (Manheim), that he had additional insurance; that Mr. Zortman said it would be all right; that he (Stauffer) should meet them at a directors' meeting; that they could not fix it at Lititz; that he afterwards met them at their office on a regular day of meeting of the directors, Mr. Zortman being present with the president, Mr. Hershey, and other members of the board of directors of the association, defendant; that Mr. Zortman there said to him 'you have come up to have that policy fixed;' that Stauffer said to him 'yes,' and gave him the policy; that Zortman took it and went with it to Mr. Hershey, the president, in the front office, and told him what was to be done; that Hershey, the president, then said that he, Zortman, should fix it, insert $2,000; that he knew all about it; that Zortman then went and erased the word 'no' or 'none' on the line of the answers to questions to be asked of applicants, and wrote in 'Yes, there is in Manheim Borough Co. $2,000,' as it now appears. That he then took it and showed it to Hershey, the president, after he had so erased and inserted the $2,000; that Hershey said 'That is all right;' that he then gave the policy to Mr.

Stauffer, who then took his policy and left. That as Hershey, the president, says, ' We had it districted off, and this was in Zortman's district and it was his business to fix it; ' that he told Stauffer to go to Zortman and let him fix it, and that Zortman did so, and that it so remained, until the building was burned and up to this time, as you see it. That, after the fire, Stauffer notified Zortman, a director, in his district, of the fire. That shortly after the fire, the president of the association, Mr. Hershey, came and viewed the ruins and said it was a total wreck. That he then said to Stauffer, ' Don't be worried, we'll pay you all we have insured, but you may have trouble with the Manheim company, they are not so well fixed.' And on another occasion after that and before suit brought, told him the company would pay him $2,000, but would not pay him the whole amount. Such conduct and action on the part of this association defendant and its officers would amount to sufficient evidence of waiver—of waiver by estoppel—and the plaintiff, Stauffer, would be entitled to your verdict for the amounts specified in the policy with interest. [6]

" But if you find from the whole evidence—that Mr. Stauffer did not so notify Mr. Zortman of the additional insurance in the Manheim company— did not go to a meeting of the board of directors on a regular meeting day by his direction ; that Zortman, by direction of Hershey, the president, did not make the erasure and insertion in the application on the policy as it appears there, and give it again to Stauffer who took it and left; that Hershey, the president, did not tell Stauffer—when he viewed the premises, shortly after the fire, and found it a total wreck—that he should not worry, ' we will pay you all we have insured,' and that he afterwards and before suit was brought, did not tell him the company would pay him $2,000, but would not pay him the full amount, then there would not be sufficient evidence of waiver or estoppel, and your verdict should be for the defendant." [7]

*Errors assigned* were (6, 7) instructions, quoting them.

*Eugene G. Smith* and *George Nauman*, for appellant.—The assured is presumed to know the conditions of his insurance and the by-laws : Mitchell v. Ins. Co., 51 Pa. 402.

When the company issues a policy it has a right to know if any additional insurance in other companies is placed on the same property. Were it otherwise it would be in the power of the assured to largely over-insure : Bard v. Ins. Co., 153 Pa. 257.

Notice to a director is not notice to the company : Ins. Co. v. Stauffer, 33 Pa. 397 ; Bard v. Ins. Co., 153 Pa. 257.

There was no waiver in this case : Ins. Co. v. Conover, 98 Pa. 384; Mitchell v. Ins. Co., 51 Pa. 402; Bard v. Ins. Co., 153 Pa. 261 ; Hook v. Ins. Co., 160 Pa. 229 ; Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137 ; Trask v. Ins. Co., 29 Pa. 198.

*W. U. Hensel, J. Hay Brown* with him, for appellee.—Conditions such as these may be waived expressly or by implication. Waiver of the proof of loss required in a policy may be inferred from any act of the insurer evincing a recognition of liability ; or a denial of the obligation exclusively for other reasons ; and if there be any evidence from which a waiver of proof may be inferred, it should be left to the jury : Flanders on Fire Ins., 2d ed. 523 ; Wood on Fire Ins., §§ 245, 248, 451, 949, 985 ; 2 Ib., p. 808 ; Parker v. Ins. Co., 59 N. Y. 1 ; May on Fire Ins. 237, 392 ; Ins. Co. v. Stewart, 19 Pa. 48 ; Ins. Co. v. Stephenson, 37 Pa. 298 ; Greenfield v. Ins. Co., 47 N. Y. 439 ; Williams v. Ins. Co., 54 Cal. 442 ; Ins. Co. v. Taylor, 73 Pa. 342 ; Ins. Co. v. Cochran, 88 Pa. 230 ; Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 404 ; Ins. Co. v. Dunham, 117 Pa. 460 ; Potter v. Ins. Co., 5 Hill, 147 ; Van Bories v. Ins. Co., 8 Bush, 133 ; Horwitz v. Ins. Co., 40 Mo. 557 ; Potter v. Ins. Co., 5 Hill, 147 ; Ins. Co. v. Lyons, 38 Tex. 253 ; Ins. Co. v. Griffin, 59 Tex. 509 ; Lattomus v. Ins. Co., 3 Hous. (Del.) 404 ; Ins. Co. v. Stockholm, 3 Grant, 207 ; Ins. Co. v. Taylor, 73 Pa. 342 ; Westlake v. Ins. Co., 14 Barb. 206 ; McEwen v. Ins. Co., 5 Hill, 101 ; Goodall v. Ins. Co., 25 N. H. 199 ; Ins. Co. v. Murphy, 17 W. N. 243 ; Sexton v. Ins. Co., 9 Barb. 191 ; Potter v. Ins. Co., 5 Hill, 147 ; Obermeyer v. Ins. Co., 43 Mo. 578 ; Greenfield v. Ins. Co., 47 N. Y. 430 ; Ins. Co. v. Curran, 45 Mo. 142 ; Buffum v. Ins. Co., 10 Cush. 540 ; Van Allen v. Co., 4 Hun, 413 ; Martin v. Ins. Co., 44 N. J. L. 273 ; Ins. Co. v. Todd, 83 Pa. 272 ; Bahringer v. Ins. Co., 3 T. & C. (N. Y.) 610 ; Haley v. Ins. Co., 12 Gray, 545 ; Pratt v. Ins. Co., 130 N. Y. 206.

But even if no consent of the company in the form prescribed by its by-laws had been given, there was evidence of waiver by estoppel on the part of the company of this condition of the contract: Ins. Co. v. Conover, 98 Pa. 388; Ins. Co. v. Erb, 112 Pa. 149; Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 397; Ins. Co. v. Schollenberger, 44 Pa. 259; Ins. Co. v. Davis, 98 Pa. 280; Ins. Co. v. Flynn, 98 Pa. 627; Gould v. Ins. Co., 134 Pa. 570; Welsh v. Assurance Corp., 151 Pa. 619; Redstrake v. Ins. Co., 44 N. J. L. 294; Pechner v. Ins. Co., 65 N. Y. 195; Pitney v. Ins. Co., 65 N. Y. 6; Strunk v. Ins. Co., 160 Pa. 345; Sexton v. Ins. Co., 9 Barb. 191; 2 May on Fire Ins., 3d ed.,p. 1168, § 507; Viele v. Ins. Co., 26 Iowa, 9; McMaster v. Ins. Co., 55 N. Y. 222.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894:

The defendant is a mutual insurance company, and the policy upon which this action is founded contained the following provisions applicable to the question involved: 1. The company shall not be liable for loss if there is either prior or subsequent insurance without its written consent. 2. A compliance with the terms of the policy shall not be considered waived unless the waiver is in writing and signed by the president or secretary. 3. The insurance shall cease at the time the property is insured in another company. 4. A member, in order to procure additional insurance without invalidating his policy, shall make application to the company, and the same must be allowed and approved at a regular meeting of the board of directors.

The policy was issued to the plaintiff Sept. 3, 1887, and on May 8, 1888, he procured additional insurance in another company.

There was testimony to show that at the time the policy was issued the insured told the secretary of the company, who was also a director, that he intended to procure additional insurance, and that as soon as it was procured he notified him of the fact, and went through the building with him and was told by him that it was "all right," and that he should meet the directors at their regular meeting and have it fixed. No time was then named, the direction being "any time you come up." Subsequently, on notice from this director, who had charge of the

district in which the insured lived, he went to the office of the company at the time fixed for the meeting of the board of directors. When he reached the office the meeting of the board had adjourned, and three only of the six directors were present, but of this he had no knowledge. At the office of the company he handed the policy to Mr. Zortman, who took it to the president. The president said that he knew all about it, and directed Mr. Zortman to write the necessary consent on the policy. This was done by Zortman, who then showed the policy to the president, who approved it, and it was handed back to the plaintiff.

There was no formal action by the board of directors, but there was the written consent which the conditions of the policy required; and if there was any waiver of the condition it was expressed in writing and approved by the proper officer. The condition that the insurance should cease at the time additional insurance was taken must be read in connection with the provision for procuring additional insurance, and what was done fell short of a literal compliance with the conditions only in that there was no formal allowance and approval of the additional insurance by the board of directors as such.

The prohibition of additional insurance was of the substance of the contract, and notice of such insurance to a director and his assent and approval thereof would not save the policy, as a director has no authority to allow or approve additional insurance: Bard v. Penn Mutual Fire Ins. Co., 153 Pa. 257; Hook v. Mutual Ins. Co., 160 Pa. 229. But the question here is not whether a director could waive a condition of the policy, but whether the company, because of the acts and declarations of its officers, is now estopped from denying its approval of the additional insurance. The plaintiff, acting in good faith and intending to comply with all the conditions of his policy, sought information of the executive officers of the company as to what he should do, and fully complied with their directions. He went to the office of the company at the time of a regular meeting of the directors, and was at once asked if he had come in relation to the additional insurance on his property, and was told that they knew all about it and that it was all right. In his presence the president directed the indorsement of the company's approval to be made on the policy, and after it was done

approved it and returned the policy to him; and he left with the assurance that he had fully complied with the regulations of the company, and that the policy was valid.

He might well have assumed, if he had chosen to act upon his own judgment of what was necessary to be done instead of relying upon the direction and assurance of the officers of the company defendant, that the board of directors had formally acted upon and granted his application. What was said and done by the officers of the company was equivalent to a declaration that all the conditions had been actually complied with, and estopped the defendant from controverting the fact.

In Mentz v. Fire Ins. Co., 79 Pa. 475, the policy contained a condition that if additional insurance was procured it should be indorsed on the policy, and it was there held that the declaration of a general agent of the company to the insured that the indorsement of the second insurance had been made on the policy, estopped the company from objecting to the want of an indorsement, SHARSWOOD, J., saying: " Such a declaration made by a duly authorized agent or officer would clearly operate as an estoppel. It lulled the party to sleep by the assurance that the condition of the policy had been complied with, and that his indemnity was secure."

The judgment is affirmed.