State ex rel. Griffith vs Reed and Kennedy.

No. 12,745.

STATE EX REL. JOHN R. GRIFFITH VS. JUDGE R. R. REED AND W. KENNEDY.

*The preponderance of authority establish that certiorari lies if notice is not given to parties before adjudicating upon their rights.*

ON APPLICATION for a Writ of *Certiorari.*

*George E. Williams*, Curator.

*Hughes & Favrot* for Relator.

*Clay Elliott* for Respondents.

Submitted on briefs February 23, 1898.
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

BREAUX, J.  The relator made application for a writ of *certiorari* to have the record brought up in the case of Charles Riette vs. John R. Griffith, and to have the proceedings in both the District and Justice Courts declared a nullity.  The plaintiff in the case sued the defendant, an absentee, for forty dollars for material furnished and work done upon Claiborne Hotel, in St. Tammany parish.  A writ of attachment issued against the defendant as owner of the hotel and of one acre of ground on which it is situated.

A curator *ad hoc* was appointed and citation issued properly addressed to George B. Williams, curator *ad hoc*, and service was made by handing copies of the papers to him.

The property had been seized and attached prior to service and an inventory was duly made.

The constable failed to affix a copy of the citation and failed to affix a copy of the writ of attachment on the court house door.

In the justice court, after an answer had been filed by the curator *ad hoc*, a judgment was rendered in favor of the plaintiff.  From this judgment an appeal was taken by the curator *ad hoc* to the Dis-

trict Court. On the appeal the curator interposed an exception on the ground that no service had been made by posting the papers on the court house door. It does not appear of record that any other plea was filed in the District Court.

The constable made a written return on the writ of attachment, but made no written return on the citation at all. Judgment was rendered against the defendant, and the cause was remanded back to the lower court for execution. The foregoing are the facts disclosed by the record, save that in addition the constable endeavored to supplement his return by an *ex parte* affidavit that he had affixed a copy of the citation on the court house door, on the day of the trial, but prior to the trial.

The issues on the application for a rehearing grew out of the alleged illegality of the service. The judge of the District Court and the justice of the peace were made respondents. In our judgment the return of the officer (the sheriff or constable) in each case should make proof of the manner in which he has executed the writ. Unless he makes answer, by written statement, informing the court of service, the court is without any basis for further proceedings. The return itself must be in writing. It may be amended prior to judgment, but not after judgment has been rendered.

With reference to the writ of attachment, the constable is required to serve the citation on the defendant; if he is an absentee this officer must affix a copy of the citation on the door of the court house. The return does not show that any such a service was made. We are constrained, under the law, to hold, in case of an absentee, that unless the service be made in the manner indicated, the defect makes null the proceedings subsequent. The article touching attachment in cases before the justices of the peace, is substantially similar to Art. 254 of the Code of Practice. Both as relates to the return are silent. Yet, in construing the latter, this court has always held that the return of the officer must show that due service has been made by posting as required. Cire vs. Monteuse, 27 An. 79, and the cases cited in that decision.

Under another article of the C. P. than the one to which we have just referred, in all suits "the constable, after serving the citation on the defendant shall return to the justice the date and the manner of the service." This as relates to return, we construe as applying to all suits before the magistrate courts and renders it necessary

that a return be made on all citations. In this case, there was no return possible.

No service had been made as required at the date that the judgment was rendered. We can not give the least effect to any action subsequent to the judgment in matter of the service of a citation.

Our attention was by respondents drawn to the fact that the case was tried in the District Court after the curator *ad hoc* had answered and trial on the merits in the justice court. The answer of the curator *ad hoc* in the court of the first instance was not a waiver of citation or of any of the rights of the defendant in that respect. When the case was before the District Court it was in season to plead; despite the curator's answer in the court of the justice of the peace; that the defendant could not be held bound by any proceeding, as it did not appear that he had been cited.

In our view the judgment of the District Court and the judgment of the justice of the peace are null and void and we so declare them to be.

The action is not to be dismissed nor the attachment dissolved.

The constable, if service was made as suggested in his *ex parte* affidavit, will have to make a return, showing that service was made by affixing copies of citation on the court house door as required by Art. 1120 of the C. P., or if no such service has heretofore been made he will have to make it and a proper return.

It is therefore ordered, adjudged and decreed that the rule *nisi* which issued in this case be made peremptory to this extent; the judgments above referred to are decreed null and void.

It is further ordered and adjudged that the suit, demand and writ of attachment be reinstated on the docket of the Justice of the Peace Court of the Third ward St. Tammany parish, and proceeded with according to law.

WATKINS, J., dissents.