BREAUX, C. J.
Plaintiff brought this action by rule to have a judgment, obtained by her husband against her on the ground of abandonment, annulled and decreed void.
*573 The defendant did not object to the proceeding by rule.
A suit, in which the plaintiff obtained a judgment of separation from bed and board on the ground of abandonment, was filed on Feb. 3, 1909, and the allegations upon which he obtained a decree of separation were that his wife had abandoned him, and the further allegation that his “wife was absent from the state.”
At his instance, a curator ad hoc was appointed to represent her, upon whom the court ordered service of summons to be served.
All services of summons prior to the judgment were made on the curator ad hoc.
Notice of the judgment condemning the defendant to return to the matrimonial domicile was served on the curator ad hoc.
To this point, it seems, the wife was not in the city of New Orleans, but the other two copies of notices of the judgment to return, as before stated, were served after she had openly returned to the city of New Orleans.
This suit was brought within 12 months after the judgment attacked" had been rendered.
The grounds of the wife’s attack, as set forth in her rule in the present ease, are that the petition of the plaintiff (the husband, at whose instance the judgment was rendered, asking for the appointment of a curator ad hoe in the absence of his wife) is not verified by any affidavit; that the appointment of the curator ad hoc was made without any evidence of the absence of the wife; that no attempt was made by the sheriff to find the wife, nor return made by him to show that she could not be found.
That the curator did not seek to notify the defendant; that he did no more than file a general denial, and consented to try the case before it had been regularly fixed for trial; that the defendant was not an absentee, as she was in New Orleans from March, 1909, to September, 1910, dates during which the proceedings for separation were conducted in the district court.
That plaintiff in his petition asked that defendant be summoned to the matrimonial domicile, but that he had no matrimonial domicile.
The defense sought to meet the grounds just stated by averring that the wife had withdrawn herself from.the marital domicile without a lawful cause, and has constantly refused to return; that the abandonment charged was made to appear by the number of summons required.
The judge of the district court gave carefully prepared reasons for his judgment, and rejected plaintiff’s demand, and refused her rule.
There is no question but that plaintiff was in the city part of the time that the proceedings against her was conducted in the civil district court.
[1] One of the serious questions of the case is that plaintiff did not swear to his petition.
The petition should be sustained by an oath, evidencing the fact that the residence of the defendant is unknown to him. This he failed to do.
This is the requirement in proceedings by attachment, when a person whose property is attached is an absentee. In those eases, the want of such an oath is considered fatal.
That being the requirement when property is attached, it is doubly important that the law be complied with against a defendant in a suit for divorce. In one respect, State ex rel. Griffith v. Reed, 50 La. Ann. 170, 23 South. 333, has application.
We are of opinion that this ground of itself (want of oath to the application) is sufficient to annul the proceedings.
It is not the only ground.
[2] The curator ad hoc inquired of plaintiff’s counsel as to the whereabouts of defendant in the proceedings for divorce. To *575 his inquiry, the attorney replied that he did not know.
In our opinion that was not sufficient.
It would have been better on the part of plaintiff if he had had, in the first place, citation placed in the hands of the sheriff for service. Upon the return, showing that the defendant was an absentee, a curator ad hoc might have been appointed.
This may not be entirely controlling. We can add that, in the absence of all other proof, at least that much should have been done.
There should be no consent given by the curator ad hoc.
It is advisable to let the litigation take its course, and to always act on the defensive.
In regard to the proof of absence, we are not to be understood as criticising the curator ad hoc. It is almost the custom to be satisfied on slight inquiry in this respect. If we have mentioned this at all, it is because we think that no curator ad hoc should overlook the .necessity of communicating by all reasonable means with the one who is made his client under an appointment of the court.
The matter is of importance, and involves issues that may be the occasion of unfortunate conditions.
The following is an admission, of record, made between the counsel:
It is admitted that the trial of this cause on the 25th day of January, 1910, was had by consent between counsel for the plaintiff herein and the curator ad hoe, appointed to the defendant, and not upon any day upon which the case had been regularly fixed for trial.
The only, part of the agreement amounting to anything is that agreeing upon a day for trial, which is not of any moment; but we take occasion to say that it is preferable, even if that were avoided.
Anything having the least appearance of consent, it is proper to avoid. Cormier v. De Valeourt, 33 La. Ann. 1168; Clacor v. Lane, 5 La. Ann. 499.
Again, it is not evident that the defendant was an absentee. True she was not present when the petition was filed on the 8th day of February, 1909. But she was present in the city, stopping here, when two of the notices to return were served upon the curator.
One of the witnesses in the case testified that she was residing at No. 123 Prytania street, and later that she resided at some place on St. Charles avenue.
The voluntary union of man and woman is not to be severed, unless there is cause sufficient.
While it will not do to take extreme positions upon the subject, for there are cases when divorces should be granted, still they are to be granted only for cause, and after complying with the requirement of law.
[3] At the commencement of the suit, both parties were residents of New Orleans. It does not appear whether the defendant in the suit was permanently or temporarily absent. Without sufficient inquiry, a curator ad hoc was appointed.
We are not convinced by any means that the wife was an absentee, and this is of importance, when it is disclosed that she was never cited or notified in the manner required.
The question, being one of notice, is therefore jurisdictional.
There is left us the one alternative, and that is to annul the judgment.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, at the cost of defendant in rule in both courts.
LAND, J., concurs.