No. 6065.

# WHITNEY CENTRAL TRUST AND SAVINGS BANK vs. MRS. MINERVA W. ALFRED, WIFE OF W. W. McARDLE.

## Syllabus.

The appointment of a curator *ad hoc* to a defendant made on the allegation of absence will be considered conclusive only after the proof has made it reasonably certain that the defendant was absent.

An adjudicatee of property at Sheriff's sale made under a judgment rendered against a defendant represented by a curator *ad hoc* will not be compelled to accept title where there is no reasonable certainty that defendant was an absentee.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 102,590. Hon. G. H. Theard, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellants.

Dufour & Dufour, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff as holder of paving certificates against two properties sued the defendant as owner of them, and prayed for a judgment against her with privilege upon the properties as provided by law. Petitioner averred that the defendant "is residing out of the State of Louisiana, exactly where, it has been unable to ascertain;" it further avers "that inasmuch as the defendant herein and her said husband reside out of the State of Louisiana, and are not represented in this State, and as your appearers claim is one **in rem** against the real estate above described, your petitioner is entitled to the appointment

— 223 —

of a curator ad hoc to represent said absent defendant upon whom service of citation may be made."

He prayed that a curator ad hoc be appointed to represent defendant and her husband for judgment against her for $123.03 with interest and costs and privilege on the property.

The Court appointed a curator ad hoc. The citation addressed to the defendant was served upon the curator ad hoc. The curator answered, averring that he had been unable to locate the defendant or her husband, and does not know where they are, or where they reside, and he pleaded a general denial.

There was judgment in favor of plaintiff as prayed for. Upon this judgment a fieri facias was issued and levied upon the properties improved by the paving. The two properties were advertised for sale and adjudicated to separate bidders.

Upon their refusal to accept title, a rule was taken against them to comply with the adjudication to them.

Among other defenses they averred that no sufficient proof had been made of the absence of Minerva W. Alfred and her husband and that the title tendered was suggestive of litigation.

There was judgment for defendant, and the plaintiff has appealed.

The only evidence of the absence of defendant from the State consists in the affidavit of the cashier of plaintiff bank "that all the allegations of the petition are true to the best of his knowledge and belief," and the testimony of the same officer on the original trial, of the case against Mrs. Alfred McArdle. He testified that he made inquiries of different people, but could not locate where the defendants lived; that at last he learned from a brother of the defendant that she "had recently married

and gone on her trip to Denver," and that he wrote to Denver, and failed to get an answer; that her brother also wrote and got no answer; that he understood that she went further, but that he was never able to locate her.

We do not consider the proof of absence of the defendant, Alfred McArdle established sufficiently to justify the appointment of a curator ad hoc to them. There are several cases when a defendant may be brought into Court by substituted service or service upon a curator ad hoc, when such defendant is absent from the State and not represented therein.

C. P., 116-737-964; C. C., 56-141.

But the fact of absence must be established or the appointment is unauthorized. A judgment against a defendant represented by a curator ad hoc, who has been appointed on the allegation of absence from the State of the defendant, will not be considered conclusive unless the evidence makes it reasonably certain that the defendant was absent.

129 La., 572; 16 A., 390; 13 A., 312.

The appointment of a curator ad hoc to one who is not an absentee is an absolute nullity, 127 La., 60; 121 La., 277 (282), and the sale made thereunder is null and void.

127 La., 60.

An absentee is one who never had any domicile in this State, or one who has left the State, without leaving any property here, or any one to represent him.

C. C., 47, 3556 No. 3; 123 La., 964.

A person temporarily absent from the State is not an absentee in the sense of the Articles of the Code above quoted.

12 La., 603; 16 La., 595; 2 A., 946, 950; 16 A., 392; 19 A., 333 (351); 21 A., 206.

There is no prescription against the action for the nullity of a judgment rendered against a party without his having been cited.

C. P., 612; 121 La., 277 (282).

Defendants cannot be made to accept a title suggestive of litigation.

122 La., 464.

Judgment affirmed.

Opinion and decree, May 4th, 1914.

Rehearing refused, June 1st, 1914.

Writ granted, July 8th, 1914 [136 La., 230].