————o————

## No. 6367.

## EDWARD F. HUBBS vs. GRAMM-BURNSTEIN CO.

### Syllabus.

### On Merits.

Plaintiff's affidavit to a petition alleging the absence of the defendant will be sufficient to sustain an attachment, the appointment of a curator, and a judgment as against an absentee, in the absence of allegation and proof to the contrary.

A defendant in attachment has no interest to allege and prove that the property attached does not belong to him.

It is not a condition precedent to the right of a transferree to see that the debtor of an account should have been notified of the transfer; the suit is a sufficient notice.

A judgment against an absentee may be valid although the curator ad hoc filed no answer or was not present on the trial of the case.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No 108,748. Honorable F. D. King, Judge.

R. A. Tichenor, for plaintiff and appellee.

F. C. Querens, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The petition alleges that the defendant corporation was organized under the laws of Ohio and is domiciled in the City of Lima in that State; that it has property within the jurisdiction of this Court; that it is indebted to petitioner in the sum of $164.35 for this; that the Lacroix Automobile Company delivered to the defendant, upon its order, merchandise consisting of gasoline, oil and grease, and furnished mechanics to work for said defendant amounting to the sum aforesaid of $164.35 as appears by an itemized statement annexed; that petitioner is the assignee of said claim of the Lacroix Automobile Company by an act annexed to the petition. Plaintiff prayed for an attachment, for the appointment of a curator ad hoc to represent the absent defendant, and for judgment for $164.35.

The petition was sworn to by plaintiff.

The curator was appointed, the attachment issued and under it the sheriff seized an automobile.

The curator answered that the defendant was domiciled in Ohio, but denied that it owned property within the jurisdiction of the Court; he denied that the defendant was indebted to the Lacroix Automobile Company, or that the plaintiff was the assignee of the Lacroix Company.

T. K. Milner, of Gulfport, Mississippi, filed an opposition, pretending to be the owner of the automobile seized by the sheriff, and prayed for judgment recognizing him as such and for release of the seizure.

The same attorney who had been appointed curator ad hoc to the defendant represented him and swore to the truth of the allegations of his petition.

On the trial of the case the defendant and the opponent were both absent and not represented.

There was judgment in favor of plaintiff as prayed for maintaining the attachment, and dismissing the opposition as in case of non-suit.

Subsequent to the rendition of the judgment, but prior to its signature, defendant appeared in Court, through its counsel regularly retained, and moved for a new trial on the grounds that there was no evidence to prove ownership of the automobile in defendant and of newly discovered evidence. The new trial was refused. The defendant then, represented by "the curator ad hoc" and by "counsel" took the present appeal from said judgment.

The defendant urges the following errors in the judgment:

1st. There is no evidence of the non-residence of the defendant.

The petition alleges that the defendant is a non-resident and it is sworn to. This is presumptive evidence of the fact. It is the duty of the curator to correspond with the defendant. 129 La., 575; C. P., 261. It will be presumed that he did so. 14 A., 73; 6 R., 191; 9 L., 274. In this case this presumption is strengthened by the motion which the curator made for time to communicate with the defendant. Besides, the fact of absence was one best known to the defendant. In the application for a new trial made by their counsel, they do not allege error in the judgment on that ground.

We conclude, therefore, that defendants were absentees.

2nd. It is not shown that the property seized was owned by the defendant.

J. G. Lacroix, president and manager of the Lacroix Automobile Company, testifies that F. E. Moore, the representative of the Gramm-Burnstein Co., brought the automobile to their place of business "himself and placed it there and ordered the repairs done." The defendants were, therefore, the owners as far as th Lacroix Company was concerned. If they were not, it would have been easy for defendants to disclaim ownership, which they have not done. But if defendants are not owners, then they have no interest to raise the question of ownership.

3 A., 593.

3rd. That the plaintiff who is the assignee of the claim sued on has no cause of action unless he alleges and proves notice to the defendant of the assignment.

The suit which the plaintiff herein brings against the defendant constitutes notice of the assignment. As be-

between the transferee and the debtor, the latter was not entitled to notice prior to suit.

30 A., 384 (386).

The defendant is without interest to enquire into this transfer unless he had some defense against his creditor arising prior to the notice of transfer.

43 A., 1039.

The sale is perfect and complete as between the transferror and transferree. The notice is only in the interest of the transferree and to protect him against subsequent payments by the debtor to the creditor, or against seizures by the creditors of the transferror.

C. C., 2642, 2643, 2645.

The cases quoted by defendant in 129 La., 383, treat of delivery in giving payment, and has no application to this case.

The case in 38 A., 391, decides that a creditor has a right to sue in his own name as far as the debtor is concerned, until he is notified of the transfer.

4th. That a judgment against an absentee reciting that defendant was absent and not repersented is a nullity on its face.

We know of no authority to sustain such a proposition. On the contrary it has been decided that a curator ad hoc may abstain from filing an answer and may allow a judgment by default, if he is of the opinion that the interests of his client are thereby best subserved.

14 A., 73.

We see no cause to reverse the judgment of the lower Court, which is therefore affirmed.

Opinion and decree, May 3rd, 1915.

Rehearing refused, May 31st, 1915.

## On Rule Against Clerk.

The clerk of this Court is without right to refuse to furnish a certified copy of the opinion and decree immediately after a rehearing has been denied.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In this case, wherein a rehearing was denied on May 31st, 1915, the plaintiff has taken a rule upon the clerk to compel him to deliver a certified copy of the opinion and decree rendered, the clerk having declined to do so on the ground that the 30 day delay had not yet expired for applying for a writ of certiorari or review to the Supreme 'Court under Article 101 of the Constitution.

Under Act 16 of 1910 the judgment rendered became ''final'' immediately upon the rehearing being refused on May 31st, 1915. And under C. P., 911, as amended by Act 18 of 1879, it is the mandatory duty of the clerk to ''deliver a copy of any final judgment to every person requiring it.''

The clerk is therefore without authority to withhold delivery of a copy of the judgment until the delay prescribed by Article 101 of the Constitution has elapsed.

Accordingly the rule is made absolute and the clerk of this Court is ordered to forthwith deliver to plaintiff or his counsel a certified copy of the opinion and decree rendered herein.

Rule absolute.

Opinion and decree, June 14, 1915.