EDWARD HALE *vs.* MECHANICS' MUTUAL FIRE INSURANCE COMPANY.

One to whom has been assigned, with the consent of the insurers, all the interest of him to whom a policy is payable in case of loss, is not the assignee of the policy, and is affected by any subsequent acts of the assured.

A policy issued by a mutual fire insurance company, whose by-laws provide that any insurance subsequently obtained without the consent in writing of their president shall avoid the policy, and that the by-laws shall in no case be altered except by a vote of two thirds of the stockholders or directors, is avoided by a subsequent insurance obtained with the mere verbal consent of the president.

ACTION OF CONTRACT on a policy of insurance, made by a mutual fire insurance company to Thaddeus Stone and Calvin Perry upon their buildings in Somerville, " in case of loss, pay able to S. S. Jackson," who was a mortgagee of the property and who had since assigned to the plaintiff, with the consent of the defendants, all his interest in the policy. Answer, a subsequent insurance, obtained without the consent in writing of the defendants' president.

Among the provisions of the by-laws of the defendants, to " the conditions and limitations expressed in " which the policy was made subject, were the following:

"ART. 7. The president shall attend daily at the company's office; shall receive all applications for insurance; shall examine alone, or jointly with any director, all the buildings or other property, in the city of Boston, which may be proposed to be insured, and fix the sum to be taken thereon, and the rates of insurance; and adjust and pay all losses, unless in cases where the opinion of the board of directors is required." " He shall exhibit to the directors, at each monthly meeting, a full statement of the affairs of the company, and cause the same to be recorded. He may submit any matter to the board of directors and ask their opinion thereon, and take the same by vote."

"ART. 15. All policies which may issue from this company, to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it

issues; and when a subsequent insurance shall be made by any other company, or by any person, on property insured at this office, without the consent of the president, in writing, and according to the terms in such consent expressed, it shall annul the said policy; and the assured shall be entitled to such return of premium and deposit as is provided in article 23d."

"ART. 26. These articles shall in no case be altered, unless the intended alteration shall have been proposed at a meeting of the company, previous to the one at which it is to be acted on, and mentioned in the public notice of such meeting; and unless it shall be voted for by two thirds of all the members present at that meeting : Provided, however, if any alteration shall be deemed necessary before the next annual meeting, it may be made by the vote of two thirds of the directors, upon the same condition of notice as is provided in this article concerning the company."

At the trial, before *Bigelow*, J., the plaintiff admitted that Stone and Perry, after the assignment by Jackson to the plain-- tiffs, obtained other insurance on the property; but introduced evidence tending to show that the defendants, by their president and secretary, consented to the procuring of a subsequent insurance by Stone and Perry, before the second policy was made; that the subsequent insurance was verbally notified to the defendants, and verbally assented to by their president and secretary, who required only that the second policy should be brought to the office as soon as possible, for the purpose of having such consent indorsed; that Stone and Perry promised that it should be done, but did not have time to procure it before the fire ; and that the plaintiff, after the fire, and at the time of demanding payment of the loss, made a demand upon the defendants to have such consent indorsed on that policy.    The defendants introduced evidence tending to show that no such consent was given.    No written consent was proved or claimed.

The jury, upon the question being submitted to them, found specially that the defendants' president had verbally waived the provision of the fifteenth article of their by-laws, and verbally assented to the subsequent insurance.    And the judge reserved,

for the whole court, the question whether upon the foregoing facts and the special finding of the jury, the plaintiff was entitled to recover.

*E. F. Hodges & L. Saltonstall*, for the plaintiff. 1. Making the policy payable to Jackson, who had an insurable interest in the property, was an assignment to him of Stone and Perry's interest, which, by the subsequent assignment made by Jackson with the defendants' consent, passed to the plaintiff; and the new contract thus made by the defendants cannot be affected by the acts of the original assured. *Tillou* v. *Kingston Mutual Ins. Co.* 7 Barb. 570, and 1 Seld. 405. *Allen* v. *Hudson River Mutual Ins. Co.* 19 Barb. 442. *Conover* v. *Mutual Ins. Co. of Albany*, 1 Comst. 293. *Tyler* v. *Ætna Fire Ins. Co.* 12 Wend. 507, and 16 Wend. 385. *Robert* v. *Traders' Ins. Co.* 9 Wend. 409, and 17 Wend. 631. *King* v. *State Mutual Fire Ins. Co.* 7 Cush. 1. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. *Wilson* v. *Hill*, 3 Met. 66. *Mowry* v. *Todd*, 12 Mass. 281. *Foster* v. *Equitable Mutual Fire Ins. Co.* 2 Gray, 216. *Jackson* v. *Massachusetts Mutual Ins. Co.* 23 Pick. 418. *Holbrook* v. *American Ins. Co.* 1 Curt. C. C. 197. 1 Phil. Ins. §§ 868, 881. 2 Phil. Ins. §§ 1263, 2160. Angell on Ins. §§ 61, 193, 231, 232. *Hackett* v. *Martin*, 8 Greenl. 77. *Raymond* v. *Squire*, 11 Johns. 47. *Andrews* v. *Beecker*, 1 Johns. Cas. 411.

2. The verbal waiver and assent were within the authority conferred by the by-laws on the president. But if not, his acts, as public agent of the company, were binding on the company. *Brooklyn Baptist Church* v. *Brooklyn Fire Ins. Co.* 18 Barb. 69. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. *Magill* v. *Kauffman*, 4 S. & R. 317. *Anderson* v. *Coonley*, 21 Wend. 279. *Leeds* v. *Mechanics' Ins. Co.* 4 Seld. 356. *O'Niel* v. *Buffalo Fire Ins. Co.* 3 Comst. 123. *Vos* v. *Robinson*, 9 Johns. 192. *Curry* v. *Commercial Ins. Co.* 10 Pick. 535. *Ocean Ins. Co.* v. *Francis*, 2 Wend. 64. *Aspinwall* v. *Meyer*, 2 Sandf. 180. *McEwen* v. *Montgomery County Mutual Ins. Co.* 5 Hill, 101. A substantial compliance with a condition will save a forfeiture; and here Stone and Perry did all that the company demanded of them, and, inasmuch as the written consent would not have

been matter of record, all that could avail the company. *Morton* v. *Sweet*, 15 Mass. 169. *Gifford* v. *Allen*, 3 Met. 255. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205. The defendants, having induced Stone and Perry to procure the subsequent insurance by a promise to give a binding consent in writing, are estopped to allege the absence of such written consent, as invalidating the contract. 2 Story on Eq. § 781. *Mestaer* v. *Gillespie*, 11 Ves. 638. *Furnell* v. *Thomas*, 5 Bing. 188. *Strong* v. *Ellsworth*, 26 Verm. 373. *Cambridge Institution for Savings* v. *Littlefield*, 6 Cush. 214. *Phillips* v. *Clagett*, 11 M. & W. 84.

*G. W. Phillips*, for the defendants.

BIGELOW, J. The nature and extent of the interest which the plaintiff acquired in the policy declared on, by virtue of the clause making the amount due, " in case of loss, payable to S. S. Jackson," and the subsequent transfer of that interest, with the assent of the defendants, by Jackson to the plaintiff, are fully stated and explained in the recent case of *Fogg* v. *Middlesex Mutual Fire Ins. Co.* 10 Cush. 346. According to the principles there laid down, with the soundness of which we are entirely satisfied, the legal effect of this clause is, that the defendants agree that the plaintiff shall recover whatever the persons originally insured by the policy may be entitled to receive in case of loss; but it is only a contingent order or assignment of what may become due under the contract, and not an absolute transfer by virtue of which the plaintiff acquired the full rights of an assignee of a chose in action. The original contract with Stone and Perry still subsisted. It was their interest in the premises which was insured. The plaintiff stands and must claim in their right as the party insured, and not in his own. It is only what they have a right to receive under the contract that is payable to him. If therefore, by reason of any act of theirs before the loss happened, the policy was rendered void, their right to recover is destroyed, and there being no loss under the policy for which the defendants are liable, the plaintiff cannot recover. The contingency, on which his claim against the defendants was to arise, has not occurred.

Such being the rights of the parties under the contract, it is clear, upon the facts in this case, that the policy was annulled undei the fifteenth article of the by-laws, by reason of the subsequent insurance procured by Stone and Perry on the property, without the assent of the president of the corporation in writing; unless the waiver of such written assent by the president, and his verbal consent to such subsequent insurance, as found by the jury, operate to set aside this provision in the by-laws as to this particular policy and render the contract valid, notwithstanding by its express terms, as well as by the clause in the by-laws, it would be otherwise void. But the difficulty in maintaining the plaintiff's position on this part of the case is, not only that it attempts to substitute for the written agreement of the parties a verbal contract, but that there is an entire absence of any authority on the part of the president to make such waiver or give such verbal assent. He was an agent, with powers strictly limited and defined, and could not act so as to bind the defendants beyond the scope of his authority. Story on Agency, §§ 127, 133. *Salem Bank* v. *Gloucester Bank*, 17 Mass. 29. By article fifteenth of the by-laws, his power to assent to subsequent insurance was expressly confined to giving such assent in writing. In order to guard against the danger of over insurance, the corporation might well require that any assent on their part to further insurance on property insured by them should be given by the deliberate and well considered act of their president in writing, and not be left to the vagueness and uncertainty of parol proof. The whole extent and limit of the president's authority in this respect were set forth in the by-laws attached to the policy in the present case, and, as the evidence shows, were fully known to the assured. *Worcester Bank* v. *Hartford Fire Ins. Co.* 11 Cush. 265. *Lee* v. *Howard Fire Ins. Co.* 3 Gray, 589, 594.

Nor is this the only restriction on the power of the president. He had no authority to waive any by-law of this corporation. By Rev. Sts. *c.* 37, § 24, and *c.* 44, § 1, the corporation alone had power to establish by-laws " for their own government, and for the due and orderly conducting of their affairs." By article

15*

twenty-sixth it is expressly provided, that the by-laws " shall in no case be altered " unless previous notice of such intended alteration be given as therein prescribed, and " it shall be voted for by two thirds of all the members present at that meeting." If the argument of the plaintiff should be carried out to its legitimate result, it would give to the president the right, in any case, to suspend or change the by-laws by his verbal act and at his pleasure. This he clearly had no power to do.

We are therefore of opinion that the finding of the jury does not render the policy valid; but that it was annulled by the subsequent insurance obtained by the assured without the written assent of the president.        *Judgment for the defendants.*