## PARKER P. BALDWIN, RESPONDENT, *v.* THE CITIZENS' INSURANCE COMPANY OF NEW YORK, APPELLANT.

*Fire insurance — conditions, of ownership in fee simple and that the property must be detached — waiver.*

When applying for a policy of fire insurance a broker, who acted for the party seeking the insurance, informed an officer of the insurance company that the building to be insured stood on leased ground. The officer, having considered the question, subsequently sent to the broker a policy of insurance which contained a condition that all insurance thereunder should be void if the subject thereof was on ground not owned by the insured in fee simple.

*Held,* that the policy was valid, notwithstanding the fact that this condition of the policy was not complied with.

The policy further provided that the subject of insurance must be detached not less than one hundred feet. The real distance was seventy feet, but the jury found that the risk was not increased by reason of the distance being less than that prescribed by the policy.

*Held,* that under this finding of the jury the assured was entitled to recover.

An insurance company may waive a condition in a policy by parol, although the policy require a written indorsement of such waiver to be made upon it.

APPEAL by the defendant, The Citizens' Insurance Company of New York, from an order entered in the office of the clerk of Kings county on the 26th day of January, 1891, denying defendant's motion for a new trial made upon the minutes of the court, and also from a judgment for plaintiff, entered in said office on the 31st day of January, 1891, after a trial at the Kings County Circuit, before the court and jury, at which a verdict was rendered in favor of the plaintiff for the sum of $1,314.40.

The policy of insurance under which the recovery was had contained, among others, the following conditions, namely: "This entire policy * * * shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple."

*George B. Bonney,* for the appellant.

*James D. Bell,* for the respondent.

BARNARD, P. J.:

The plaintiff owned a wooden building which stood upon land owned by the city of Brooklyn, and which he held in possession under a lease from the city. The policy contains a condition that all insurance shall be void if the subject thereof was on ground not owned by the assured in fee simple, and that also contains a condition or warranty that the subject of the insurance was detached not less than 100 feet.

As to the ownership of the land, there was proof given tending to show that the broker of the insured at the time of his application informed the assistant secretary that the land was owned by the city. The assistant secretary took time to consider the question and expressly sent the policy to the broker. When the jury found the fact that the company had issued the policy with full notice that the building was on leased land the policy was good in this respect. (*Van Schoick* v. *Niagara Fire Insurance Co.*, 68 N. Y., 434; *Bennett* v. *Buchan*, 76 id., 386; *Richmond* v. *Niagara Fire Insurance Co.*, 79 id., 230.)

The condition as to the distance at which the insured building was detached was the subject of conflicting evidence, not as to the real distance being about seventy feet, but as to whether the risk was increased. The jury have found the fact that the risk was not increased by the barn, and the right to recover, notwithstanding a condition like this where the risk was not increased thereby, is upheld in *Burleigh* v. *Gebhard Fire Insurance Company* (90 N. Y., 220).

It was in the power of the company to waive a condition. Such waiver may be established by a parol agreement, notwithstanding the policy calls for a written indorsement upon the policy itself. (*Steen* v. *Niagara Fire Insurance Co.*, 89 N. Y., 315.)

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.