## HATTIE MITCHELL *v.* MISSISSIPPI HOME INSURANCE CO.

1. FIRE INSURANCE. *Divisible contract. Iron safe clause. Fixtures.*

   A policy of insurance, covering a stock of goods, also store fixtures and furniture, separately valued, is not entire and indivisible, and, although avoided as to the goods, by failure to observe the iron safe clause, requiring the books of account and last inventory of the business to be kept in a fire-proof safe, in the absence of fraud, may nevertheless be good as to the furniture and fixtures, as to which such clause does not apply.

2. SAME. *Breach of condition. Knowledge of agent. Waiver. Estoppel.*

   An insurance company cannot set up a breach of such "iron safe clause" where its agent, when he issued the policy and collected the premium, knew that the insured had no safe, and did not intend to have one, but intended to keep the books of account at the store, as he had been doing.

3. SAME. *Increasing risk. Plea. Evidence insufficient.*

   A plea that the risk has been increased by an unauthorized addition

to the building insured, is not sustained by proof alone that the addition brought the building a few feet nearer certain houses, it not appearing how far distant these houses were, and whether the danger of fire was thereby increased.

FROM the circuit court of Montgomery county.

HON. C. H. CAMPBELL, Judge.

Action by appellant against appellee on a policy of fire insurance for $500, $400 thereof being on a stock of merchandise, $20 on store and office furniture and fixtures, and $80 on furniture belonging to a restaurant conducted in connection with the store. The facts touching the points passed on by the court are stated in the opinion.

As the court sustained plaintiff's demurrer to the second special plea, and appellant does not complain of this ruling, it being favorable to her, it is not deemed necessary to set out this plea. The court excluded all the evidence for plaintiff, and from a judgment for defendant plaintiff prosecutes this appeal.

*Sweatman, Trotter & Knox,* for appellant.

1. The iron safe clause had no sort of application to the furniture and fixtures. No books were kept in regard to these, and no inventory was ever made of them. The plea setting up a breach of said clause is not a defense to the whole action. The contract is not entire and indivisible, and the plea is bad because it defends as to the whole action. The goods, and the furniture of the store, and that of the restaurant, are valued separately, and there is no reason why a breach avoiding the policy as to the merchandise should render it void as a whole. That the policy is not an entire contract, see 73 N. Y., 452; 10 W. Va., 507; 52 Ill., 53; 27 Neb., 527; 39 Ill. Ap., 633; 33 *Ib.*, 626; Clements' Fire Ins. Dig., 88–90. In cases where the entire policy is avoided, it is because of fraud in the inception of the contract, which vitiates the whole. *Insurance Co.* v. *Bank*, 71 Miss., 608, necessarily decided that a policy on a

grocery store and dry goods store, though insured in a gross amount in the same policy, was divisible.

2. Defendant cannot avail of the breach of the iron safe clause, because its agent knew that the insured had no safe, and did not intend to have one, but intended to keep the books in her store and dwelling. Clements' Fire Ins. Dig., 550; 53 Ark., 215. Insurance companies should not be allowed to entrap the unwary, when they are advised of all the facts. They cannot take premiums and yet avoid the risk for facts known to them at the time. It would be taking the premiums without any equivalent whatever. It would amount to legalized robbery. 1 Abb., 166; 40 Ga., 135; 41 *Ib.*, 660; 65 N. Y., 195; 95 U. S., 183; 27 Minn., 393; 18 Blatch., 368; 17 Iowa, 600; 81 *Ib.*, 321.

*Hill & Thames* and *Somerville & McLean*, for appellee.

1. The iron safe clause is a part of the policy. Without it the instrument would be meaningless, and the particular kind of property insured would be unknown. Being a condition of the policy, it was necessary to recovery that it should be strictly observed. It was a promissory warranty, and if broken, and the books destroyed by fire, it vitiates the insurance. 18 Ins. L. J., 803. A promissory warranty is one that requires the performance or omission of certain things, or the existence of certain facts, after the taking out of insurance, and if incorporated in the instrument itself, or if therein referred to and made a part thereof, there can be no doubt of its character. 11 Am. & Eng. Enc. L., 293. It was so held as to a warranty that the insured would keep a watchman on the premises at night, and the condition was held not to be kept by requiring one to sleep there. 11 Mo. App., 349.

2. Although the items are separately valued in the policy, they all constitute one stock of goods, and make the business that was insured for the gross sum of $500. There was but one premium paid, and where the amount of insurance is ap-

portioned to distinct items, and the premium paid is gross, the contract is entire.     Clements' Fire Ins. Dig., 87; 40 Md., 620; 23 Minn., 479; 69 Iowa, 202; 8 Gray, 33.

It was not denied that the iron safe clause had been disregarded, and the court properly excluded plaintiff's evidence. The proof failed to support the statement in the pleadings that the production of the books and last inventory had been waived.

WOODS, J., delivered the opinion of the court.

This is an action on an insurance policy issued by the appellee to appellant.     The declaration is in the usual form.     The insurance company filed the plea of the general issue and three special pleas.     The first special plea sets up the defense of what is now commonly known as the iron safe clause; the second special plea sets up, by way of defense, that whisky was retailed on the premises in which appellant kept her store and conducted her other business, and where the property insured was kept; and the third special plea defends on the ground that an addition to the buildings on the premises where the property insured was kept had been made, which increased the risk. The appellant demurred to the first and second special pleas, and took issue on the third.     The demurrer to the second special plea was properly sustained, and was improperly overruled as to the first special plea.     The first ground of demurrer to this first special plea was that it interposed no defense to the whole action, and this ground of demurrer appears to have been well taken.     The requirement of the iron safe clause is that the last inventory, and the books of account of sales and purchases, shall be kept in such safe, or in some secure place other than on the premises where the insured property was kept, and that a failure to produce the inventory and books after loss shall avoid the policy; but all this has reference only to such articles of merchandise as constitute the stock in trade. The store fixtures and furniture, and the restaurant furniture, including the cooking stove, were never designed to be em-

braced in the inventory of stock on hand, or to be entered and carried on the books of account showing purchases and sales of goods by the insured. As to these, the policy was not avoided by appellant's failure to observe the iron safe clause. The contract was divisible, and it may be true that appellant could be defeated of a recovery for the sum for which the stock of goods was insured, and yet might have been entitled to recover for the furniture and fixtures of the store and restaurant. The case is not to be confounded with those in which any recovery for any part of the sum insured has been denied because of misrepresentations or frauds of the insured. *Insurance Co.* v. *Bank,* 71 Miss., 608.

The refusal of the court to permit appellant to file her first replication to the first special plea was error. This replication set up, in substance, that, when the contract for insurance was made, the defendant knew plaintiff had no safe, and did not intend to keep a safe, and that defendant knew that plaintiff intended to keep her books in the store and at her dwellinghouse, just as they were kept when the contract for insurance was made, and this was substantial matter in avoidance of the defense made by the plea. To ask us to hold that an insurance company shall ostensibly contract for keeping an inventory and books of account in an iron safe, or at some secure place apart from the premises on which the property insured is kept, and, yet, with full knowledge that the insured had, and intended to have, no safe, and with full knowledge that such inventory and books of account had been kept, and were to be continued to be kept, at the store, to receive the insured's premiums as for a valid policy, the company intending to deny its validity if loss should occur, is to ask us to sanction trickery and fraud. The insurer cannot be permitted to collect premiums with the full knowledge of the existence of facts which might avoid the policy, and with full knowledge of the insured's purpose to continue, in disregard of a provision working a forfeiture, to conduct the business as theretofore in such disregard. We can-

not legalize by our sanction such perfidy.    See *Rivara* v. *Insurance Co.*, 62 Miss., 720.

It is said by counsel for appellant that the court below was moved to exclude all the evidence of appellants, in part, because the appellant was shown to have kept gasoline in the store where her business was carried on.    The pleadings nowhere present such issue.    On this point, the issue made by the pleadings was, that the risk had been increased by the unauthorized addition to the building in which the business was conducted.    On this issue, as to the addition, the evidence did not clearly show that the risk had been increased by the addition. The evidence showed only that the addition brought the building in which the business was conducted a few feet nearer to the negro houses referred to by the witnesses; but whether these negro houses were ten feet or a thousand yards distant, does not appear, and whether the risk was increased by the addition, was left uncertain.    The exclusion of appellant's evidence was erroneous.

*Reversed and remanded.*